# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

1:15-bk-14938

IN RE:

Terry Maurice McClendon
Erica Patrice McClendon

CASE NO.
CHAPTER 13

### CHAPTER 13 PLAN

__X__ Original    _____ Amended

Dated: November 2, 2015

1. **PAYMENTS AND TERM.**
The debtor will pay the chapter 13 trustee $ __120.00__ per ___bi-weekly___ by **WAGE ORDER** and the following additional monies: _____PLUS TAX REFUNDS LESS TAX CREDITS_____.

2. **PRIORITY CLAIMS (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $ __2850.00__ less $0.00 previously paid by the debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. §507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.

3. **SECURED CLAIMS.**
(a) *CRAMDOWNS.* The holders of the following allowed secured claims retain the liens security such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below. The failure of a secured creditor listed below to timely object to the proposed treatment for its secured claim and its unsecured claim shall be deemed an acceptance of the terms of the plan as provided for in 11 U.S.C. Section 1325(a)(5).

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| | | | | |

(b) *SURRENDER.* The debtor(s) shall surrender the following collateral in full satisfaction of the debt:

| Creditor | Collateral to be surrendered |
|---|---|
| | |

Case 1:15-bk-14938-NWW   Doc 2   Filed 11/06/15   Entered 11/06/15 16:23:47   Desc
Main Document    Page 2 of 2

(c) **LONG-TERM MORTGAGES AND MOBILE HOMES.** (Including Doublewide or modular homes). The holders of the following claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the claim filed absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. §1322(b)(5), is fixed herein for the term of the plan (subject to adjustment for escrows) and is binding upon all parties. The secured creditor must advise of the need for monthly change promptly. The creditor requesting an increase in monthly maintenance payment shall not include any amounts that should be part of an arrearage claim as part of the proposed maintenance payment. Pursuant to 11 U.S.C. §1322(b)(3), and (10) all maintenance payment shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in this plan or during this case pursuant to §1322(b)(5). Pursuant to 11 U.S.C. §1322(b)(3) any secured creditor that fails to file a claim waves any default or charges resulting from non-payment.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment by: (Trustee or Debtor) |
|---|---|---|---|---|---|
| | | | | | |

(d) **DE NOVO REVIEW.** Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later. If no objection is filed within the time stated, the validity of the security interest and/or the perfected lien is established by confirmation and is binding on all parties.

**4. UNSECURED CREDITORS**
(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, nonpriority unsecured claims will be paid:

| | |
|---|---|
| _____ | In full |
| _____ | % |
| __XX__ | Pro-rata **THIRTY SIX MONTH REMAINDER PLAN** |

**5. EXECUTORY AND UNEXPIRED LEASES.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided I paragraph 4(a) above.

| Other party to Contract | Property description | Treatment by Debtor |
|---|---|---|

**6. Liens to be avoided under §§ 506 or 522 (f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

        Quick Loans
        Harpeth Financial
        Pioneer Credit

**7. Agreed Order.** Not withstanding the foregoing, a plan may be modified by an Agreed Order signed by counsel for the debtor and the Trustee if the modification would not adversely affect any creditor and the Agreed Order so certifies.

**8. SPECIAL PROVISIONS.** (such as cosigned debts, debts paid by third party, student loans, special priority debts and treatment of non-bankruptcy secured debt as unsecured in the plan, child support claims.

      SLSC/EFS                                  Students Loans (currently in deferment)
                                                      TO BE PAID DIRECT

Date:    November 2, 2015

                                   Eron H. Epstein 007007
                                   Attorney for Debtor(s)
                                   713 Cherry Street
                                   Chattanooga, TN 37402
                                   (423) 267-1512 – Phone
                                   (423) 267-0809 – Fax

Date:    November 2, 2015

                                 x Terry Maurice McClendon

Date:    November 2, 2015

                                 x **Erica Patrice McClendon**