**SO ORDERED.**
**SIGNED this 25th day of March, 2016**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Nicholas W. Whittenburg
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                          CASE NO. 15-14938 NWW
TERRY MAURICE MCCLENDON
ERICA PATRICE MCCLENDON
         Debtor(s)                                      CHAPTER 13

### ORDER CONFIRMING CHAPTER 13 PLAN

        The chapter 13 plan in this case or summary thereof having been transmitted to scheduled
creditors, and it having been determined that the plan as finalized complies with 11, U.S.C. §1325 and
should be confirmed, the court directs the following:

1. The plan, a copy of which is attached is confirmed.
2. Property of the estate does not vest in the debtor(s) until completion of the plan.
3. Attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the chapter 13 trustee through the plan.
4. All pending objections, if any, to confirmation are resolved, withdrawn, or overruled.
5. Upon request by the trustee pursuant to 11 U.S.C. § 521(f)(1), the debtor(s) shall file with the court, at the same time filed with the taxing authority, a copy of each federal income tax return required under applicable law (or, at the election of the debtor(s), a transcript of such tax return) with respect to each tax year of the debtor(s) ending while the case is pending under chapter 13.  Alternatively, the debtor(s) may submit the aforesaid documents directly to the trustee instead of filing them with the court.

###

Approved for Entry By:
/s/ Kara L. West
Kara L. West
Chapter 13 Standing Trustee
P.O. Box 511, Chattanooga, TN 37401

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

IN RE:                                                    CASE NO.
                                                          CHAPTER 13

Terry Maurice McClendon
Erica Patrice McClendon

### CHAPTER 13 PLAN

__X__ Original    _____ Amended

Dated:  November 2, 2015

                          $350.00
1.  PAYMENTS AND TERM.
The debtor will pay the chapter 13 trustee $~~120.00~~ per __bi-weekly__ by WAGE ORDER and the following additional
monies:  ___ PLUS TAX REFUNDS LESS TAX CREDITS _____.

2.  PRIORITY CLAIMS (including administrative expenses).
(a)  All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the
amount of $ __2850.00__ less $0.00 previously paid by the debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. §507 will be paid in full in deferred cash
payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.

3.  SECURED CLAIMS.
(a)  *CRAMDOWNS.* The holders of the following allowed secured claims retain the liens security such claims and will be paid by the
trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will
be treated as an unsecured claim under paragraph 4(a) below. The failure of a secured creditor listed below to timely object to the
proposed treatment for its secured claim and its unsecured claim shall be deemed an acceptance of the terms of the plan as provided
for in 11 U.S.C. Section 1325(a)(5).

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| INLAND BANK/ INSOLVE AUTO FUNDING | Pending Selection by debtor and approval by creditor. | $16,293.00 | $450.00 - which includes 22% interest in monthly payment | |

INLAND BANK/INSOLVE AUTO FUNDING, LLC shall be paid by the Trustee pursuant to Paragraph 3(a) above, with other
secured claims. Debtor(s) obtain and maintain full coverage insurance on the vehicle and list INLAND BANK/INSOLVE AUTO
FUNDING, LLC as the loss payee. Debtor(s) acknowledge that this is a claim for post-petition financing under 11 U.S.C. §
1305(a)(2) and will not be subject to discharge. Should the Debtor(s) default in payments to the Trustee or there is a lapse in
insurance, INLAND BANK/INSOLVE AUTO FUNDING, LLC or their assignee shall notify Debtor(s) and Debtor(s) Counsel of
the default.  If the default is not cured within ten (10) days of such notice, INLAND BANK/INSOLVE AUTO FUNDING, LLC
shall have relief from the automatic stay of 11 U.S. C. § 362(a) without a further hearing, upon the filing of notice of default.

(b) *SURRENDER.* The debtor(s) shall surrender the following collateral in full satisfaction of the debt:

Creditor                                    Collateral to be surrendered

(c) *LONG-TERM MORTGAGES AND MOBILE/MODULAR HOMES* (including leases and/or modular homes). The holders of the following claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the claim filed absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. §1322(b)(5), is fixed herein for the term of the plan (subject to adjustment for escrows) and is binding upon all parties. The secured creditor must advise of the need for monthly change promptly. The creditor requesting an increase in monthly maintenance payment shall not include any amounts that should be part of an arrearage claim as part of the proposed maintenance payment. Pursuant to 11 U.S.C. §1322(b)(3), and (10) all maintenance payment shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in this plan or during this case pursuant to §1322(b)(5). Pursuant to 11 U.S.C. §1322(b)(3) any secured creditor that fails to file a claim waives any default or charges resulting from non-payment.

| Creditor | Estimated arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment by: (Trustee or Debtor) |
|---|---|---|---|---|---|
| | | | | | |

(d) *DE NOVO REVIEW*. Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later. If no objection is filed within the time stated, the validity of the security interest and/or the perfected lien is established by confirmation and is binding on all parties.

**4. UNSECURED CREDITORS**
(a) *Nonpriority*. Except as provided in subparagraph (b) and in paragraph 6 below, nonpriority unsecured claims will be paid:

|  | In full |
|---|---|
| | % |
| XX | Pro-rata ~~THIRTY SIX MONTH~~ 60 Month REMAINDER PLAN |

**5. EXECUTORY AND UNEXPIRED LEASES.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided i paragraph 4(a) above.

| Other party to Contract | Property description | Treatment by Debtor |
|---|---|---|
| | | |

**6. Liens to be avoided under §§ 506 or 522 (f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

> Quick Loans
> Harpeth Financial
> Pioneer Credit

**7. Agreed Order.** Not withstanding the foregoing, a plan may be modified by an Agreed Order signed by counsel for the debtor and the Trustee if the modification would not adversely affect any creditor and the Agreed Order so certifies.

**8. SPECIAL PROVISIONS.** (such as cosigned debts, debts paid by third party, student loans, special priority debts and treatment of non-bankruptcy secured debt as unsecured in the plan, child support claims.

SLSC/EFS

Students Loans (currently in deferment)
TO BE PAID DIRECT

Date:   November 2, 2015

Erol H. Epstein 007007
Attorney for Debtor(s)
713 Cherry Street
Chattanooga, TN 37402
(423) 267-1512   Phone
(423) 267-0809   Fax

Date:   November 2, 2015

Terry Maurice McClendon

Date:   November 2, 2015

Erica Patrice McClendon